LEE, District Judge,
dissenting:
Coble was convicted of attempting to obstruct and impede the due administration of tax laws for sending a bogus “comptroller warrant” in an attempt to discharge his outstanding tax liability and to receive a refund. See 26 U.S.C.A. § 7212(a). The applicable Sentencing Guidelines range for Coble’s offense was from 10 to 16 months. Judge Frank W. Bullock, Jr. considered the applicable guideline range, determined contested sentencing issues, and ultimately decided to depart downward from the applicable range of punishment. The district judge utilized his statutorily vested discretion to grant a downward departure based on the extraordinary presence of a combination of several factors including a single act of aberrant behavior,[1] community ties, military service, employment record, emotional condition, and age. The net effect of the district court’s decision was to reduce the guideline range by two levels, and to allow the Court to place Coble on home electronic detention for six months with three years probation. Nonetheless, the majority holds that the district court abused its discretion because it found nothing exceptional about Coble’s case which would warrant a downward departure. The majority substitutes its judgment for that of the district court, and makes a de novo determination of the merits of Coble’s sentence departure. I respectfully dissent from the majority’s holding because the standard which it utilizes to determine the merits of Coble’s departure is in direct contradiction of the mandate of the United States Supreme Court and Congress.
The standard of review for the grant of a downward departure is abuse of discretion. See Koon v. United States, 518 U.S. 81, 91, 116 S.Ct. 2085, 135 L.Ed.2d 392 (1996). A district court abuses its discretion if it makes a legal error or a clearly erroneous factual finding. See United States v. DeBeir, 186 F.3d 561, 566-67 (4th Cir.1999). When reviewing a grant of a downward departure, the appellate court must make a legal determination of “whether a factor is a permissible basis for departure under any circumstances.” Koon, 518 U.S. at 100, 116 S.Ct. 2035. This inquiry is entitled to little deference. See id. An appellate court must also determine whether the district court committed clear error in making its factual determination of “whether the misconduct that occurred in the particular instance suffices to make the case atypical.” Id. In order to resolve this question, the appellate court *203 must recognize that the district court utilizes its vantage point and day-to-day experience in making its assessment. See id. at 97, 116 S.Ct. 2035. The district court’s inquiry is entitled due deference because it embodies the traditional exercise of discretion by a district court. See id. at 98, 116 S.Ct. 2035 (citing 18 U.S.C. § 3742(e)(4)).
The district court here did not abuse its discretion because it did not commit legal error nor did it make clearly erroneous factual findings when it decided to depart downward from the applicable Sentencing Guidelines. First, the district court properly employed the multi-tiered analysis mandated by Koon. See Koon, 518 U.S. at 95-9, 116 S.Ct. 20356. The Court considered the applicable guideline range of punishment, considered a variety of discouraged factors and one encouraged factor, then concluded that this case was an atypical case warranting a frugal downward departure. The district court properly rendered factual findings that Coble’s case presented a combination of factors to such an exceptional degree that it made the case atypical. (J.A. at 233-38.) The majority holds that the district court abused its discretion because the cited factors, neither individually nor in combination with each other, were not present to an exceptional degree to warrant departure. However, the majority’s holding is flawed because it does not demonstrate how the district judge committed legal error or made clearly erroneous factual findings in combining a variety of factors.[2]
The district judge did not commit legal error in relying on a combination of factors to grant a departure. The district judge relied upon a combination of one encouraged factor and five discouraged factors to arrive at his conclusion to depart from the Sentencing Guidelines. The Sentencing Guidelines permit a combination of these factors to serve as permissible grounds for departure if they present an atypical situation which takes the case out of the heartland of cases considered by the Sentencing Commission. See U.S.S.G. § 5K2.0, comment; see generally United States v. Barth, 2001 WL 117499, *4, 3 Fed.Appx. 89 (4th Cir.2001); DeBeir, 186 F.3d at 573. The district judge ruled that a combination of Coble’s community ties, military service, employment record, emotional condition, age, and single act of mailing a bogus comptroller’s warrant to the IRS were sufficient to place Coble’s case outside of the heartland of cases contemplated by the Sentencing Commission, and thus warranted a downward departure. (J.A. 234-35.) The district judge acknowledged that several factors he considered, if viewed individually, would not be sufficient to merit a downward departure. Yet, when these factors are considered in combination a modest downward departure was warranted in Coble’s case.
The district judge’s findings were not clearly erroneous. The problem with the majority’s consideration of this appeal is their flawed application of prior precedent which has been modified by the amendments to the Sentencing Guidelines. The majority utilizes the same analysis as that utilized in United States v. Goff, 907 F.2d 1441 (4th Cir.1990) (holding that departure *204 was not warranted based on combination of individually inadequate factors). In Goff, this Circuit reversed a district court’s downward departure based on a combination of factors including the defendant’s drug addiction, family ties, lack of profit from the venture, and the co-conspirator’s lessor sentence. See id. at 1445-47. The Goff court looked at each individual factor, rejected each on its merits, then stated that
the district court also departed because it believed that all the specific bases mentioned above combine in totality as being matters which had not been adequately taken into account by the Sentencing Commission.... Viewing the factors cumulatively adds nothing significant to the calculus. Therefore, the decision of the district court to depart was unreasonable.
Id. at 1447 (internal quotations omitted).
In 1994, the amended Sentencing Guidelines superceded the Goff decision by allowing for departure for a combination of factors which alone would not be a permissible basis for departure. See U.S.S.G. § 5K2.0, comment; DeBeir, 186 F.3d at 573. Nonetheless, the majority utilizes a Goff-type analysis which parses the district court’s ruling into a broken prism. The majority (a) looks singularly at Coble’s single act of aberrant behavior, age, military service, and emotional tolls arising from Coble’s battle with the IRS, (b) states why each factor is insufficient, (c) then makes a blanket assertion that the district court abused its discretion because these factors combined with his employment record, lack of criminal record for 70 years, and community ties, were not present to an exceptional degree to warrant departure. The majority’s analysis blatantly disregards the mandate of Koon and the amended Sentencing Guidelines.
The United States Supreme Court in Koon ruled that “Congress allows district courts to depart from the applicable Guideline range if ‘the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission.’” See Koon, 518 U .S. at 92, 116 S.Ct. 2035 (citing 18 U.S.C. § 3553(b)). Several factors mentioned by the Sentencing Guidelines may combine to create mitigating or aggravating circumstances sufficient to warrant a basis for departure. See generally DeBeir, 186 F.3d at 573. Consistent with Koon, the district court properly found the combination of permissible factors placed the case outside of the heartland of cases contemplated by the Sentencing Guidelines. The district court examined a variety of factors and found Coble to be a 75-year-old man who had no criminal record, served as a combat pilot in two wars, employed as a commercial airline captain, had strong family ties, and whose sole offense was to attempt to use a bogus comptroller’s warrant to satisfy a tax lien against his property. The district judge stated that in his 17 years of sentencing, he did not think that there has been a federal court who sentenced anyone with Coble’s characteristics within the initial guideline range. (J.A. at 237.) In his institutional experience, Coble’s case was outside of the heartland of cases contemplated by the guidelines and some departure was warranted. The district judge’s considerable sentencing experience and familiarity with other tax cases are crucial to understanding why the judge departed in this case.
At sentencing, the district judge exercised considerable restraint and integrity in announcing his ruling. He acknowledged that he could exercise his discretion and grant an undeserved “acceptance of responsibility” three level departure from the applicable offense level and such a *205 ruling would be almost “appeal proof.” (J.A. at 287.) Instead, he considered his experience with tax cases and stated that, in 17 years, he had not seen anyone sentenced to a lengthy term of incarceration for this offense where the defendant had Coble’s unique personal characteristics.
The district judge’s decision to depart two levels, a frugal two levels, embodied the traditional permissible exercise of discretion in sentencing. See Koon, 518 U.S. at 98, 116 S.Ct. 2035. District courts have an institutional advantage and vantage point over appellate courts in comparing factors because district courts see so many more Sentencing Guideline cases than do appellate courts. See Koon, 518 U.S. at 98, 116 S.Ct. 2035 (acknowledging that in 1994 approximately 94% of Guidelines cases were not appealed); United States v. Hairston, 96 F.3d 102, 106 (4th Cir.1996) (acknowledging the institutional advantage of district court in determining sentences). The district judge’s findings of fact concerning specific circumstances of a case are important because it permits the flexibility necessary for a defendant to be appropriately sentenced when his case involves unique and unusual facts. See Koon, 518 U.S. at 99, 116 S.Ct. 2035. See, e.g., United States v. Reilly, 178 F.3d 1288 (4th Cir.1999) (unpublished) (upholding district court’s eleven level departure on the grounds of post-offense rehabilitation after the district court made extensive factual findings). The majority sweeps aside Judge Bullock’s 17 years of institutional wisdom and easts a fleeting glance at Koon’s acknowledgment that Congress allows a district court to depart from the applicable Guideline range if the district court finds atypical mitigating circumstance not adequately taken into consideration by the Sentencing Commission. See Koon, 518 U.S. at 91, 116 S.Ct. 2035. In sum, the majority makes a de novo determination that if it were in the district court’s position, it would have decided the case differently. Under Koon, an appellate court should reverse a district court’s decision if the district court abuses its discretion, not if it disagrees with the district court’s decision. See, e.g., United States v. Goodman, 2001 WL 273143, *2-3, 6 Fed.Appx. 129 (4th Cir.2001) (unpublished) (applying the standard in Koon and holding that, even though it was a very close case, the court cannot conclude that the district court abused its discretion in departing downward). The majority’s decision comes without the benefit of the trial judge’s sentencing experience or impression of the testimony presented at Coble’s trial.[3] The majority’s position is completely at odds with the mandate of Koon to review a downward departure from the Sentencing Guidelines for an abuse of discretion.
The district court did not abuse its discretion in finding Coble’s case was atypical. The Sentencing Guidelines structure sentencing in a way that adds predictability to the sentencing process. In drafting these guidelines, the Sentencing Commission could not possibly contemplate every type of circumstance conceivable in sentencing. There is still room for individualized consideration of the whole person within the framework of the Sentencing Guidelines. Coble is a recal-citrant tax evader, a 75-year-old man, who had no criminal record, served as a combat pilot in two wars, has strong family ties, and had a good employment record as a commercial airline captain. Coble was convicted be *206 cause he attempted to use a bogus comptroller’s warrant to satisfy a tax lien. The population of offenders possessing Coble’s offense and other characteristics is small, and indeed, rare. The district judge could find no case which factually compared to Coble’s case in his 17 years experience, and decided to impose a frugal two level downward departure from the applicable Sentencing Guidelines which allowed him to place Coble in home electronic detention for six months and on probation for three years. I respectfully dissent because the district court did not abuse its discretion in this case and I would affirm the district court’s judgment.

. As acknowledged by the majority, the district judge also based his departure on the individual ground of a single act of aberrant behavior. However, this dissent will not address this point because sufficient grounds exist to uphold the district judge’s decision on the combination of factors cited by the district judge which include a single act o£ aberrant behavior.

. The majority does not include a single act of aberrant behavior in its analysis of a combination of factors. The majority states that the district judge relied on a single act of aberrant behavior and a combination of separately distinct discouraged factors as two separate grounds for departure. However, a close look at the district judge’s reasoning shows that he not only relied on a single act of aberrant behavior as an individual ground for departure, but he also relied upon a single act of aberrant behavior as a ground for departure in combination with Coble’s age, lack of record, service to his country, employment record, and emotional confrontations with the IRS. (J.A. at 227, 234-35.)

. This appeal follows a contested trial and sentencing hearing where the Government did not succeed at an attempt to link Coble to a group which is notorious for promoting tax evasion schemes. The Government could not prove that Coble was a member of the group or an adherent to the group’s wide ranging criminal activities.